UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

New England Carpenter Health Benefits )
Fund; Pirelli Armstrong Retiree Medical )
Benefits Trust, Teamsters Health & )
Welfare Fund of Philadelphia and )
Vicinity, and Philadelphia Federation of )
Teachers Health and Welfare Fund, )
                              Plaintiffs )
                                        )
                                        )          Case No. 06-mc-4017
                                        )
First DataBank, Inc. and McKesson )
Corporation, )
                             Defendants )

**ORDER**

Now before the Court is the motion by Petitioner United Healthcare Services Co. of the River Valley, Inc. [f/k/a John Deere Health Care, Inc.)(Doc.#1) to quash a subpoena served on it by defendant McKesson Corporation. The subpoena, served on August 3, 2006[1], sought production of documents in connection with litigation pending in the United States District Court for the District of Massachusetts, as captioned above, Case No. 1:05-CV-11148-PBS. Petitioner is not a party to the Massachusetts case.

The underlying case alleges that plaintiffs, all third party payors ("TPP"s), paid more than they should have for certain drugs dispensed to their members. Plaintiffs (insurance companies, health plans, and other TPP's) allege that the price was artificially inflated as a result of an agreement among defendants. Pending in the underlying litigation are issues

---

[1] McKesson explains that it needs production of these documents immediately in order to meet the October 27 deadline imposed by the District Court in Massachusetts for responding to class certification issues. If McKesson expected not only an order from this Court but compliance by Petitioner (including both production of documents and sitting for deposition) in time to prepare a response by that deadline, the opposition to the Motion should have been filed well before October 13. An inability to meet that deadline can only be laid at McKesson's own doorstep.

related to class certification.  McKesson argues that the information sought from Petitioner (who is a TPP) supports its contention that individual issues in TPP contracts and knowledge should preclude class certification.

This motion was filed on August 16.  Several extensions of the response deadline were granted at the request of McKesson, with the agreement of United Healthcare.  The purpose of the extensions was to allow the parties to discuss the dispute and attempt to resolve it without the court's intervention.  Those efforts failed, and McKesson's response to the Motion to Quash was filed on October 13.

McKesson's subpoena contains 5 pages and 24 paragraphs of definitions along with 4 pages and 13 paragraphs of Instructions.  The subpoena commanded a records deposition on August 29, at 9:30 a.m.  The 7 topics of that deposition are set forth in Exhibit A to the subpoena, and the 25 categories of documents to be produced at that deposition are set forth in Exhibit B.  Appendix A identifies the over-1,000 different drugs that are at issue.

United Healthcare raises three objections to the subpoena:  it fails to allow a reasonable time for compliance,  it seeks disclosure of privileged or otherwise protected matters, and it subjects this non-party to undue burden.  Given the length of time that has elapsed since the service of the subpoena, I cannot see that response time is any longer an issue.

In its effort to alleviate Petitioner's concerns about privilege and confidentiality, McKesson first points to the Protective Order in place in the Massachusetts litigation.  This Order limits disclosure of proprietary or commercially sensitive information "the disclosure of which is likely to cause competitive or commercial injury to the producing party." This clearly encompasses Petitioners plan descriptions, reimbursement strategy, methodology and rates.  Nothing in the Motion to Quash explains how the Protective Order might be deficient.

Petitioner shall therefore produce that information, subject to protection of the Protective Order.

In addition, Petitioner points to pharmacy contracts and rebate contracts, some of which contain confidentiality provisions prohibiting Petitioner from disclosing terms and even the existence of those contracts. But according to McKesson, Petitioner has already received waivers of the confidentiality provisions from at least 10 pharmacies and 10 manufacturers. As to those 20 entities, there is no basis for withholding the documents sought.

But with respect to the remaining contracts, Petitioner points out that it must review each of the thousands of pharmacy contracts and hundreds of rebate contracts to determine which ones contain (or do not contain) confidentiality provisions. Those that do contain such provisions cannot be disclosed without waiver from the contracting party. Petitioner points out the undue burden - time and expense - on it, a non-party to the underlying litigation, to review each of those contracts and take steps to obtain waivers from their contracting partners.

McKesson states that it has narrowed the scope of its request, to a "representative sample of its pharmacy and manufacturer rebate contracts covering the time period of 1998- to the present ... to be agreed upon through discussions with counsel" and further limits the requests to the records of the former John Deere Health Care, Inc., rather than the hundreds of affiliates of United Healthcare Inc. That alleviates some of the burden but the remaining burden remains an undue burden in both time and expense.

Fed.R.Civ.P. 45(c)(1) obligates a subpoenaing party to take reasonable steps to avoid imposing "undue burden or expense" on the person subpoenaed. Fed.R.Civ.P. (c)(3)(A)(IV) allows the court to modify a subpoena if it subjects a person to an "undue burden," which given the language in subparagraph (c)(1) presumably includes within its parameters "undue

expense." Fed.R.Civ.P. 26(c) authorizes the court to enter any order necessary to protect a person from undue burden or expense.

I find that requiring a non-party to incur what appear to be rather significant costs of complying with the subpoena as it relates to these contracts constitutes an undue burden. Unless McKesson is willing to pay the costs associated with this request, the subpoena is quashed as to these remaining contracts.  See, <u>Spears v. City of Indianapolis</u>, 74 F.3d 153 (7th Cir. 1996)(Rules 45 and 26 give "considerable discretion" in determining whether expense-shifting in discovery production is appropriate in a given case);  <u>Compaq Computer Corp. v. Packard Bell Electronics, Inc.</u>, 163 F.R.D 329 (D.C.Cal. 1995)(awarding hourly rate for in-house legal staff and for employees sitting for deposition).

Accordingly, the motion is granted in part and denied in part, and the subpoena is modified as stated herein.  Petitioner shall comply with the subpoena to the extent stated herein within 14 days of the date of this order.

ENTER this 24th day of October 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE